ANNA VAN EVERY, Appellant, v. PAUL W. CRAWFORD et al., Appellees.

NOVEMBER 20, 1928.

REHEARING DENIED MARCH 8, 1929.

*John M. Hemingway* and *Max M. Hemingway*, for appellant.

*R. L. Saley*, for appellees.

FAVILLE, J.—The appellant and her husband, D. E. Van Every, who is since deceased, lived at Chapin, Iowa. They came there in 1916, and the husband died in 1921. The appellee bank is located in the said town, and the appellee Crawford is president of said bank. Prior to February 27, 1920, the Van Everys had on deposit in said bank the sum of $4,000. About half of this belonged to the appellant, and the remainder to her husband. They were people well advanced in years, and the husband was in poor health. Prior to the transaction in question, the money of the Van Everys had been loaned through one Kenyon, who was formerly cashier of appellee bank, and who, with two other parties, had borrowed the money. This loan had been paid, and deposited to the credit of the Van Everys in the appellee bank. In February of 1920, the Van Everys were temporarily away from Chapin, at Strawberry Point, Iowa, and while they were there, the following letter was written to the appellee Crawford:

"Strawberry Point, Iowa
"February 27, 1920

"Mr. Paul Crawford
"Kind Friend:
"Dave says tell you to let Bert Kenyon have that money. He says tell you he will trust it all to you and you do just as you would if it was your own business. I will send you the key to the box the papers are all there.
"Your friend,
"D. E. Van Every."

This letter was evidently written by the appellant, and the "Dave" referred to therein was her husband, and the Bert Kenyon therein referred to is the same Kenyon who had pre-

viously been connected with the appellee bank, and who, with others, had borrowed the money. It appears that, after the receipt of said letter, the said $4,000 was invested in a certain loan of that amount, executed by one Sanders and his wife. With respect to said loan, it appears that Kenyon held a contract to buy an 80-acre tract of land, and had resold the property to Sanders for $19,000. $14,000 of the purchase price of said premises was represented by two mortgages, one of $10,000, and a second mortgage of $4,000. After the letter of February 27, 1920, was received, this second mortgage by Sanders of $4,000 was drawn payable to D. E. Van Every. It was drawn originally payable to Kenyon, and Van Every's name substituted as mortgagee. The $4,000 on deposit to the credit of the Van Everys, as above stated, was turned over by the bank to the credit of Kenyon, who drew out the money. Later, the first mortgage of $10,000 on said premises was foreclosed, and Sanders went through bankruptcy. In 1921 and in 1922, the interest on the Sanders mortgage was paid at the bank, and received by Van Every. These payments were not made directly to the appellant and her husband, but were made at the appellee bank, and credit therefor was given to the appellant or her husband. It is the appellant's contention that the note and mortgage in question were not delivered to her until in April, 1923; while, on the other hand, it is the contention of the appellees that the note and mortgage were delivered to the appellant or her husband at or about the time that they were executed. The testimony of the appellee Crawford in regard to the delivery of the note and mortgage is corroborated by that of one Webb, a former cashier of the appellee bank, who was evidently a disinterested party.

Upon the entire record, we are constrained to reach the conclusion that the appellant and her husband received the said note and mortgage into their possession at or about the time of their return to Chapin from Strawberry Point, in 1920, and retained it thereafter, and collected the interest on the same for the years 1921 and 1922. This action was not commenced until May 28, 1927; and it must be held, in accordance with the finding of the trial court, that it is barred by the statute of limitations.

It also appears that the appellant started foreclosure of the

mortgage against Sanders, and subsequently dismissed the action. Appellant also filed a claim against Sanders on said note and mortgage in the bankruptcy court, but received no dividend.

We see no escape, under the record, from the conclusion that the appellant ratified the transaction of the investment of her funds by Kenyon. The specific instruction to the appellee bank was to let Kenyon have the money. This the bank did. The case is a distressing one. There is no question but that the savings of this old lady are entirely lost to her, and that she is left practically penniless. The money of the appellant was invested in what turned out to be worthless security. Unquestionably, the appellant and her husband placed great confidence in Kenyon. The appellant suffers under the handicap of the loss of the testimony of her husband, by reason of his decease. We must take the record as we find it; and so doing, we are compelled to hold, with the trial court, that the appellant has ratified the transaction of the investment of her money, and that this action is barred by the statute of limitations. This being true, the decree of the trial court must be, and it is,—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and KINDIG, JJ., concur.

EVANS, J., not participating.